This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

> **Plaintiff-Appellee,**

**v.**                                                                                    **No. 31,333**

**DELMAR NEWMAN,**

> **Defendant-Appellant.**

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Santiago E. Juarez
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VIGIL, Judge.**

Defendant Delmar Newman appeals from the district court's denial of his motion to withdraw his guilty plea. He contends the district court erred in denying his motion because his plea was not knowing, intelligent, and voluntary and lacked a factual basis. We affirm.

**BACKGROUND**

In a recorded interview with detectives from the Bloomfield Police Department, Defendant admitted to engaging in multiple sexual acts with his twelve-year-old niece (Victim) on or about March 6, 2010. Defendant's statements corroborated statements that had previously been made by Victim. Defendant was charged by criminal information with four counts of first degree criminal sexual penetration on a child under thirteen years of age, one count of criminal sexual contact, and one count of tampering with evidence. Defendant filed a motion to suppress the statements he made to the detectives. The motion was denied.

The district court held a change of plea hearing on April 28, 2011. At the beginning of the hearing, defense counsel provided the district court with a plea and disposition agreement that had been signed by Defendant indicating Defendant had agreed to plead guilty to two counts of criminal sexual contact of a minor in the second degree (child under the age of thirteen unclothed). After reviewing the

agreement, the district court asked Defendant to identify himself. The following exchange then took place:

> Court: Have you had an opportunity to discuss the plea and disposition agreement with your attorney?
>
> Defendant: Yes, sir, I have.
>
> Court: And in accordance with this agreement, you are going to plead guilty to two counts of criminal sexual contact of a minor in the second degree, a child under thirteen, unclothed, and . . . both of those counts carries [sic] a maximum sentence of fifteen years with the Department of Corrections, which means prison, with a mandatory three years, followed by five years of parole . . . . Do you understand that, sir?
>
> Defendant: No, sir. Would you explain the five years parole again?

The district court explained the parole provision to Defendant and then described to Defendant the rights he would be giving up by pleading guilty. The district court asked Defendant if he "wish[ed] to give up these constitutional rights." Defendant answered, "Yes, sir, I guess so." The district court noted the word "guilty" was crossed out on the plea agreement and asked counsel, "So, tell me what we're going to do?" Defense counsel answered, "He's pleading guilty." The following exchange then took place:

> Court: Sir tell me what happened in Count One and in Count Two to constitute your guilt of criminal sexual contact of a minor in the second degree of a child under thirteen, unclothed.

3

Defendant: Okay. Yes, sir. On March 6, 2010, in San Juan County, I touched the unclothed breasts of [Victim].

Court: Counsel, do you determine there is a basis in fact for believing the Defendant is guilty of the charges to which he is pleading?

Counsel: Yes, your Honor.

Court: I find the Defendant knowingly, voluntarily, and intelligently entered his plea and I will accept that plea.

At Defendant's sentencing, a detective with the San Juan County Sheriff's Office testified regarding pornographic images, including images of Victim, found on Defendant's computer. The district court sentenced Defendant to fifteen years imprisonment on each count, to run concurrently.

Defendant filed a notice of appeal. Two months later, Defendant filed a motion to withdraw his guilty plea or, in the alternative, to set aside the judgment and sentence. The district court determined it had jurisdiction to decide Defendant's motion and held a hearing at which Defendant's plea counsel testified. With respect to the sex offender registration requirements, Defendant's plea counsel testified he reviewed the plea and disposition agreement with Defendant, which did not contain information regarding the requirements. He explained: "I can tell you in this particular case that registration wasn't important to me . . . . I assumed [Defendant] was going to prison. The length of time was the damage control" Defendant's plea

4

counsel also testified that he knew what the judge wanted to hear at the change of plea hearing and he told Defendant what to say. At the conclusion of the hearing, Defendant asserted a claim of ineffective assistance of counsel.

The district court issued a comprehensive order denying Defendant's motion to withdraw his plea. The district court concluded Defendant "knowingly and voluntarily entered his guilty plea" and his plea had a factual basis. The district court also rejected Defendant's ineffective assistance of counsel claim. While the district court concluded that counsel's performance fell below the standard of a reasonably competent attorney, it also concluded that Defendant did not demonstrate prejudice. Defendant filed a motion for reconsideration, which the district court denied.

**DISCUSSION**

Defendant appeals from the district court's denial of his motion to withdraw his guilty plea. He does not challenge the district court's rejection of his ineffective assistance of counsel claim. We review the denial of a motion to withdraw a guilty plea for an abuse of discretion. *State v. Garcia*, 121 N.M. 544, 546, 915 P.2d 300, 302 (1996). "A court abuses its discretion when it is shown to have acted unfairly, arbitrarily, or committed manifest error. A denial of a motion to withdraw a guilty plea constitutes manifest error when the undisputed facts establish that the plea was

not knowingly and voluntarily given." *Id.* (internal quotation marks and citations omitted).

**A. Knowing, Intelligent, and Voluntary**

Defendant contends his plea was not knowing, intelligent, and voluntary because he "showed a lack of clear understanding about the proceedings and demonstrated a measure of doubt about the guilty plea." He also contends his plea was not knowing, intelligent, and voluntary because the district court did not comply with the plea procedures set forth in Rule 5-303(F) NMRA. We review each claim in turn.

**1. Defendant's Understanding**

A guilty plea is knowing, intelligent, and voluntary where the defendant understands the plea and its consequences. *See State v. Ramirez*, 2011-NMSC-025, ¶ 8, 149 N.M. 698, 254 P.3d 649. Defendant contends this case is analogous to *Ramirez* because he did not understand the plea and its consequences. We disagree.

In *Ramirez*, the New Mexico Supreme Court held that the defendant's guilty plea was not knowing, intelligent, and voluntary where, at the plea hearing, the defendant "expressed confusion about sentencing, the premeditation element of his first degree murder charge, and culpability for his assault and battery charges." *Id.* ¶ 1. The prosecutor alerted the district court to a potential problem regarding the

defendant's understanding of the plea, but "the court failed to adequately confirm on the record [the defendant's] understanding of the plea and its consequences as required by New Mexico law." *Id.* ¶¶ 1, 18. The *Ramirez* Court recognized that in analogous cases, it had "rul[ed] that it is incumbent on the court to clarify the understanding of a defendant who demonstrates misunderstanding regarding the charges and sentencing set forth in a plea agreement." *Id.* ¶ 19.

Here, Defendant asked the district court to "explain the five years parole." The district court explained the parole provision to Defendant and then described the rights Defendant would be giving up by pleading guilty. Defendant did not express any misunderstanding or confusion as to those rights or any other aspect of his plea agreement. The fact that he answered, "Yes, sir, I guess so," instead of simply "Yes, sir," does not reflect a lack of understanding or agreement. After the district court explained the parole provision to Defendant, neither the prosecutor, nor anyone else, alerted the district court to any concern regarding Defendant's understanding of his plea. We perceive no abuse of discretion in the district court's conclusion that Defendant knowingly, intelligently, and voluntarily pled guilty, based on his signature on the plea agreement and his statements at the change of plea hearing.

**2. Rule 5-303(F)**

7

Defendant also argues his plea was not knowing, intelligent, or voluntary because the district court did not strictly comply with the procedures set forth in Rule 5-303(F). Rule 5-303(F) states in pertinent part:

> F. Advice to defendant. The court shall not accept a plea of guilty . . . without first, by addressing the defendant personally in open court, informing the defendant of and determining that the defendant understands the following:
> (1) the nature of the charge to which the plea is offered;
> . . . .
> (3) that the defendant has the right to plead not guilty, or to persist in that plea if it has already been made; [and]
> . . . .
> (7) that, if the defendant pleads guilty . . . to a crime for which registration as a sex offender is or may be required . . . the court shall determine that the defendant has been advised by counsel of the registration requirement under the Sex Offender Registration and Notification Act [SORNA].

Defendant contends the district court did not address him personally in open court; did not ask him whether he had consulted with his counsel before making the plea; did not advise him he could reject the plea agreement and continue to plead not guilty; and did not ensure he was advised of the SORNA registration requirements.

In *Garcia*, our Supreme Court recognized the importance of the plea procedures proscribed in our rules, but held that "absent a showing of prejudice to the defendant's right to understand his guilty plea and its consequences, substantial compliance with [the rule regarding the court's advice to the defendant] is sufficient." 122 N.M. at 547, 915 P.2d at 303. The *Garcia* Court explained: "Although the court must be

8

certain the plea is knowing and voluntary, it is more reasonable to require substantial compliance rather than to require the trial courts to strictly adhere to a script." *Id.* We thus review this case on "its own unique facts," recognizing that the district court was "not bound to a strict unvarying formula of words." *Id.* (internal quotation marks and citation omitted).

Pursuant to Rule 5-303(F)(7), Defendant should have been notified, prior to his plea, of the SORNA registration requirements. The district court found that neither Defendant's plea counsel nor the court itself notified Defendant that he would be subject to these requirements and the State does not challenge this finding on appeal. In *State v. Moore*, we held that sex offender registration requirements are "collateral consequences of a plea" and thus, "a court's failure to advise a convicted sex offender of SORNA registration and notification requirements does not render a plea involuntary or otherwise rise to the level of a constitutional due process violation." 2004-NMCA-035, ¶ 24-25, 135 N.M. 210, 86 P.3d 635. "The burden is on Defendant to demonstrate that the failure to comply with the prescribed plea procedure prejudiced his ability to knowingly and voluntarily enter his plea." *Id.* ¶ 14 (internal quotation marks and citation omitted).

The district court concluded Defendant did not meet his burden because SORNA registration "could only have been a minor concern." The district court

9

found that Defendant was fifty-six years old at the time of the change of plea hearing and, absent a plea, faced a potential maximum sentence of eighty-eight and one-half years, of which seventy-five years would have been mandatory. Under the plea agreement, Defendant faced a maximum sentence of thirty years. The district court explained:

> Given the Defendant's inculpatory statement to law enforcement, what appeared to be the strength of the case against the Defendant, the gravity of the charges and the sentencing exposure, this Court would not find credible any statement or testimony by the Defendant at this point that registration as a sex offender was the deciding factor about whether he would insist on a trial or take the plea negotiated by plea counsel.

We perceive no abuse of discretion in the district court's reasoning or its result.

Viewing the record as a whole, we are satisfied that the district court substantially complied with the other provisions of Rule 5-303(F) and that Defendant was not prejudiced by any variance from the rule. The district court addressed Defendant personally in open court and informed Defendant of, and determined Defendant understood, the nature of the charges and that he had the right to plead not guilty. We thus reject Defendant's argument that his plea was not knowing, intelligent, and voluntary.

**B.     Factual Basis**

Prior to entering judgment upon a plea, the district court "shall satisfy [itself] that there is a factual basis for the plea." Rule 5-304(G) NMRA; *see also State v.*

*Willis*, 1997-NMSC-014, ¶ 9, 123 N.M. 55, 933 P.2d 854 (discussing Rule 5-304(G)). Here, the district court concluded that "[a] factual basis for the Defendant's guilty plea . . . was established at the plea hearing" because Defendant "acknowledged his guilt [as to] all of the elements of the crimes." Defendant contends his "brief statement" at the change of plea hearing was "inadequate to admit guilt" for the two offenses because his statement did not address the age of Victim, did not state that the touching occurred more than once, and did not rule out the possibility that the touching was unintentional or carried out for some legally valid reason. We are not persuaded.

Defendant pled guilty to two counts of criminal sexual contact of a minor in the second degree pursuant to NMSA 1978, Section 30-9-13(B) (2003). The statute defines the crime of criminal sexual contact of a minor as, in pertinent part, "the unlawful and intentional touching of . . . the intimate parts of a minor." Section 30-9-13(A). "Intimate parts" is defined to mean "the primary genital area, groin, buttocks, anus or breast." *Id.* Criminal sexual contact of a minor in the second degree is defined as "all criminal sexual contact of the unclothed intimate parts of a minor perpetrated . . . on a child under thirteen years of age[.]" Section 30-9-13(B)(1).

The plea agreement specifically and accurately identified the offenses to which Defendant pled guilty. Defendant signed the plea agreement. At the change of plea hearing, the district court specifically and accurately recited the offenses to which

11

Defendant pled guilty. The district court asked Defendant, "So tell me what happened in Count One and in Count Two to constitute your guilt of criminal sexual contact of a minor in the second degree of a child under thirteen, unclothed." Defendant responded, "Okay. Yes sir. On March 6, 2010, in San Juan County, I touched the unclothed breasts of [Victim]."

In denying Defendant's motion to withdraw his guilty plea, the district court explained:

> The Defendant's response to the question about two counts can only reasonably be construed to mean that the criminal conduct he described occurred as to the two counts. That is, that the described conduct occurred twice. The Defendant, by pleading to the crimes as titled in the plea and disposition agreement and as described by the Court without objection, acknowledged his guilt [as to] all of the elements of the crimes.

We perceive no abuse of discretion in the district court's ruling. The district court set forth the elements of the two offenses and Defendant described his conduct in response, without raising any issue as to aspects of the offenses he now challenges. The fact that Defendant's plea counsel discussed with Defendant what to say does not mean that Defendant's plea lacked a factual basis.

Defendant argues he should have been given an opportunity to consult with his counsel during the plea hearing. He claims that "[a] recess would have ensured that [his plea] counsel fully explained the proceedings, the rights that the Defendant was

12

giving up, and the elements of the crime." Defendant's plea counsel did not request a recess during the change of plea hearing and we see nothing in the record that would have required the district court to *sua sponte* order a recess.

**CONCLUSION**

We affirm the district court's denial of Defendant's motion to withdraw his guilty plea.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**